[Cite as *State v. Weaver*, 2016-Ohio-7984.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO               :

                       :    Appellate Case No. 26591

     Plaintiff-Appellee       :

                       :    Trial Court Case No. 2014-CR-1407

v.                       :

                       :    (Criminal Appeal from

ALLEN D. WEAVER        :     Common Pleas Court)

                       :

     Defendant-Appellant   :

                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of December, 2016.

. . . . . . . . . .

MATHIAS H. HECK, JR., by CHRISTINA E. MAHY, Atty. Reg. No. 0092671, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
       Attorney for Plaintiff-Appellee

VALERIE KUNZE, Atty. Reg. No. 0086927, Office of the Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
       Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Allen D. Weaver appeals from his conviction and sentence for Felonious Assault, Discharge of a Firearm Near Prohibited Premises and Improper Handling of a Firearm in a Motor Vehicle. Weaver contends that the conviction for Felonious Assault is not supported by sufficient evidence, and that the offenses of Felonious Assault and Discharge of a Firearm should have merged for sentencing purposes. The State argues that sufficient evidence was presented to support the conviction, and that no merger is necessary when the offenses were committed separately with a separate animus.

{¶ 2} We conclude that the convictions are supported by sufficient evidence. We further conclude that the offenses of Felonious Assault and Discharge of a Firearm were committed separately, and therefore merger was not appropriate. Accordingly, the judgment of the trial court is Affirmed.

**I. Discharging Firearm while Driving Leads to Three Felony Convictions**

{¶ 3} On April 14, 2014, Dayton Police Officers Christopher Savage and Jacob Rillo were on routine patrol in West Dayton at approximately 6:10 p.m. As the officers were traveling north on James H. McGee Boulevard approaching the intersection with Rosedale Drive, they heard gunshots coming from the East on Rosedale Drive. The officers began to turn right onto Rosedale Drive, at which time they noticed a Grey Dodge Charger at the intersection making a left turn onto southbound James H. McGee Boulevard. They also then observed a Silver Pontiac Grand Prix approaching them from

the East on Rosedale. The Grand Prix was traveling at a high speed, and the officers observed the driver shooting out of his window. The officers believed the driver to be shooting at them. The Grand Prix then arrived at the intersection, where the officers had stopped their cruiser. As the two vehicles were beside each other, facing opposite directions, the driver of the Grand Prix stopped his vehicle and began firing his gun over the trunk of the cruiser at the Grey Dodge Charger that had turned on to James H. McGee.

{¶ 4} The officers then made a U-turn and initiated a traffic stop of the Grand Prix. The driver, identified as Weaver, responded to the officer's directions to pull over. As Weaver stepped out of the vehicle, the officers observed a black gun fall out of his lap onto the ground.

{¶ 5} After he was arrested, Weaver told a detective that he shot at the Charger after the Charger pulled up beside him, while driving on Rosedale, and someone in the Charger randomly began shooting at them. He later told the detective, and testified at trial, that the occupants of the Charger had driven by his home on Superior Avenue, and shot at him and members of his family. According to Weaver, he and his cousin jumped in the Grand Prix and chased after the Charger. At trial, Weaver denied shooting his gun near the intersection of Rosedale Drive and James H. McGee Boulevard. He did admit shooting toward the Charger as he was coming over a bridge. He testified that he did so in self-defense because the backseat passenger in the Charger first shot at him. Weaver testified that he attempted to shoot at the Charger's tires, so his motive was not to hurt anyone but just to slow them down.

**II. The Course of Proceedings**

{¶ 6} Weaver was indicted on three felony charges; one count of Felonious Assault (deadly weapon), a felony of the second degree, in violation of R.C. 2903.11(A)(2), one count of Discharge of a Firearm on or Near Prohibited Premises (substantial risk of physical harm), a felony of the third degree, in violation of R.C. 2923.162(A)(3), and one count of Improper Handling of a Firearm in a Motor Vehicle, a felony of the fourth degree, in violation of R.C. 2923.16(A). The indictment also included two firearm specifications pursuant to R.C. 2929.14, R.C. 2941.145, and R.C. 2941.146, and a gang specification pursuant to R.C. 2929.14 and R.C. 2941.142 for enhancing the penalty for convictions of the offenses of Felonious Assault and Discharge of a Firearm.

{¶ 7} After the evidence was presented at a jury trial, the jury returned guilty verdicts on all three counts and specifications. Prior to sentencing, the State agreed that the firearm specifications and gang specifications should merge, and elected to proceed with the five-year firearm specification included in the indictment for the offense of Felonious Assault. The trial court rejected Weaver's request to merge the offenses of Felonious Assault and Discharge of a Firearm. The trial court did merge the offenses of Discharge of a Firearm on or Near Prohibited Premises and Improper Handling of a Firearm in a Motor Vehicle, and sentenced Weaver to serve a prison term of 36 months for the merged firearm offenses. On the Felonious Assault conviction, Weaver was sentenced to serve an additional seven years of incarceration, plus an additional five years for the firearm specification. The sentences were ordered to run consecutively, for a total of 15 years of imprisonment.

**III. Sufficient Evidence Supports the Conviction for Felonious Assault**

{¶ 8}  For his First Assignment of Error, Weaver asserts:

ALLEN WEAVER'S CONVICTION FOR FELONIOUS ASSAULT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE IN VIOLATION OF MR. WEAVER'S RIGHT TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION.

{¶ 9} Weaver argues that the State did not present evidence sufficient to sustain the conviction for Felonious Assault.   Specifically, he contends that the State was unable to present evidence of any specific victim whom he knowingly attempted to physically harm.

{¶ 10} When reviewing whether the State has presented sufficient evidence to support a conviction, "the relevant inquiry is whether any rational finder of fact, after viewing the evidence in a light most favorable to the State, could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997), citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).   A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact." *Id*.

{¶ 11} Weaver was charged with a violation of R.C. 2903.11(A)(2), which states that "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."   "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature.   A

person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶ 12} In the case before us, the record supports a finding that Weaver knowingly discharged his firearm in the direction of an occupied moving vehicle. The officers testified that they heard at least five gunshots before they turned on to Rosedale. Weaver admitted to shooting at the Charger as he traveled on Rosedale. Although Weaver testified that his intent was to shoot at the tires to stop the vehicle, the jury was not required to credit Weaver's testimony. Therefore, we conclude that sufficient evidence supports the conviction for Felonious Assault. Weaver's First Assignment of Error is overruled.

### IV. The Trial Court Was Not Required to Merge the Offenses
### of Felonious Assault and Discharge of a Firearm

{¶ 13} For his Second Assignment of Error, Weaver asserts:

THE TRIAL COURT ERRED IN VIOLATION OF MR. WEAVER'S RIGHTS UNDER THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION, AND R.C. 2941.25 WHEN IT FAILED TO MERGE FOR SENTENCING OFFENSES OF SIMILAR IMPORT, WHICH AROSE FROM THE SAME CONDUCT, AND WERE NOT COMMITTED SEPARATELY OR WITH A SEPARATE ANIMUS

{¶ 14} R.C. 2941.25, Ohio's allied offense statute, provides as follows:

(A) Where the same conduct by defendant can be construed to

constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 15} "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, syllabus. More recently, the Supreme Court of Ohio explained its holding in *Johnson* by articulating the following three-part test:

A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation.

*State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 25.

{¶ 16} Applying the second step of the *Ruff* test, we must determine whether Weaver's conduct involved two separate incidents. The State argues that Weaver's shooting sequence was separated by time and space, and therefore involved two separate incidents. We agree.

{¶ 17} The record supports a finding that Weaver initially discharged a firearm while driving a vehicle in pursuit of the Charger on Rosedale. He also fired shots at the intersection of James H. McGee Boulevard and Rosedale Drive. The initial shooting incident, where Weaver admitted to shooting at the Charger, was sufficient to support a conviction for Felonious Assault.

{¶ 18} The record also supports a finding that as Weaver drove toward the police cruiser he was shooting in its direction. He then came to the intersection, stopped his vehicle, and began to shoot over the cruiser in the direction of the Charger. The evidence demonstrates that the area was busy, and that there were pedestrians and other vehicles. This was sufficient to result in a conviction for Discharge of a Firearm on or Near Prohibited Premises as it created a substantial risk of physical harm to anyone in the vicinity of the shots, including the police officers. Under these circumstances, the trial court correctly concluded that the offenses were committed separately. Having concluded that the second step of the *Ruff* test provided sufficient grounds not to merge the two offenses, we need not address the other steps.

{¶ 19} We note that the trial court, during the sentencing hearing, while determining the issue of merger, seemed to suggest that the facts supporting the conviction for Felonious Assault related to Weaver firing his gun in the presence of the police at, or near, the intersection of James H. McGee and Rosedale. The trial court

further seemed to describe the facts supporting the conviction for Discharge of a Firearm as involving Weaver shooting at the Charger while driving on Rosedale near the bridge. However, in our view the evidence supports the findings as we stated above with regard to the convictions. But in either description, we conclude that the trial court is correct in the finding that the convictions should not merge for sentencing purposes.

{¶ 20} Weaver's Second Assignment of Error is overruled.

## V. Conclusion

{¶ 21} Both of Weaver's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck
Christina E. Mahy
Valerie Kunze
Hon. Mary K. Huffman